MATTER OF KOHAMA

In Section 245 Proceedings

A-21328027
A-21323028

*Decided by Associate Commissioner, Examinations May 8, 1978*

(1) Notwithstanding that the courts have held Affidavits of Support to impose only a moral obligation on the affiant, the Service must give the affidavit due consideration consistent with affiants' ability to provide the promised support.

(2) The Affidavit of Support in this case was accompanied by acceptable evidence of affiants' ability to provide the promised care and support. The record also showed that they had done so for a number of years. The beneficiaries of the affidavit have never sought public assistance. This evidence sufficiently establishes that these applicants for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255, will not become public charges under section 212(a)(15) of the Act, 8 U.S.C. 1182(a)(15). The applications are granted.

(3) *Matter of Harutunian*, 14 I&N Dec. 583 (R.C. 1974), distinguished.

ON BEHALF OF APPLICANTS:   Eugene Tomine, Esquire
370 Grand Avenue
Oakland, California 94610


This matter is before the Associate Commissioner, Examinations on certification as provided by 8 C.F.R. 103.4 for review of the District Director's decision denying the motion to reconsider his previous decision denying the applications for status as permanent residents under section 245 of the Immigration and Nationality Act, 8 U.S.C. 1255, as amended.

The applicants are husband and wife, natives and citizens of Japan, 73 and 65 years of age. They last entered the United States as nonimmigrant visitors for pleasure on December 10, 1975, and were authorized to remain until March 16, 1976.

On March 23, 1976, immediate relative visa petitions were filed in their behalf by their naturalized United States citizen daughter. Concurrent with these petitions, the applicants filed applications to adjust their status to that of permanent residents pursuant to section 245 of the Immigration and Nationality Act, as amended. Satisfactory

evidence of the claimed daughter-parent relationship was presented and the petitions were approved May 1976. By virtue of their approved visa petitions and their admission to the United States as nonimmigrant visitors, they were statutorily eligible to file the application for adjustment of status.

The applicants are unemployed and do not have savings or independent means of support. They rely, instead, on support from their daughter and son-in-law, both of whom are employed. As evidence of this support they presented affidavits executed by the daughter and son-in-law, along with evidence of their combined income of approximately $34,000 per year.

Following interviews in connection with the pending applications for adjustment of status on June 22, 1976, the applicants were advised that it would be necessary for them to post bonds each in the amount of $5,000 in order to insure that they would not become public charges. The applicants' son-in-law advised the Service by letter dated September 15, 1976, that it would be difficult for him and his spouse to post the bonds due to the charges imposed by the bonding company. In this letter the Service was requested to grant a period of 2 or 3 months to allow for the location of a suitable bonding company.

The record contains no evidence that the bonds were posted, and on March 17, 1977, the applications were denied by the District Director on the grounds that the applicants were likely to become public charges, pursuant to section 212(a)(15) of the Act, 8 U.S.C. 1182(a)(15). In his decision the District Director concluded that the affidavits of support presented by the daughter and son-in-law were not acceptable and bases this conclusion on two court decisions, *County of San Diego v. Diloria*, 276 A.C.A. 437 and *Department of Mental Hygiene of California v. Renal*, 173 N.Y.S. 2d 231 (1957). The District Director states that these court decisions hold that the affidavit of support is a moral obligation and does not create any legal obligation to support the beneficiaries of the affidavit. The District Director also relied upon the *Matter of Harutunian*, 14 I&N Dec. 583 (R.C. 1974). This decision also related to an applicant for adjustment of status pursuant to section 245 who was of advanced age, without means of support and with no one responsible for her support. This decision set forth criteria to be taken into consideration in determining the applicability of section 212(a)(15). The alien's age, incapability of earning a livelihood, a lack of sufficient funds for self-support, and a lack of persons in this country willing and able to assure that the alien will not need public support.

Following the denial of the applications, a motion to reopen and reconsider was filed April 22, 1977. The motion, which was prepared by the son-in-law set forth the following facts: He and his wife, the

258

applicants' daughter, have been responsible for virtually all the wife's family's support since 1961. The motion describes a closely knit family, each doing their portion to see that the others did not want for the necessities of life. Three other children, one of whom is now married, are now employed and self-sufficient and also able to provide support to their parents. Attached to the motion are copies of numerous checks as well as bank records which reflect that the applicants' daughter and son-in-law have contributed several thousands of dollars to the parents' support over the last 10 or more years.

The motion to reopen and reconsider was considered by the District Director on June 10, 1977, who concluded that no new facts or evidence had been presented and accordingly affirmed his previous denial.

Despite the two State court decisions cited by the District Director, it is not believed the affidavits of support, although not legal obligations, are without weight in determining whether a person is likely to become a public charge. 8 C.F.R. 103.2(b)(1), which sets forth the requirement of evidence in support of applications, states in part: "Form I-34 may be used if an affidavit of support would be helpful in resolving any public charge aspect." In light of this regulation, the Service must give the affidavits due consideration consistent with the deponents' ability to provide the promised support. In the case at hand, the deponents have presented evidence of support over the past several years, as well as their ability to do so into the foreseeable future.

In the matter of *Harutunian, supra,* cited by the District Director, the circumstances are not parallel to the case at hand. In *Harutunian, supra,* the applicant was without any evidence of support, either of her own or by another person. In addition, she had a history of being dependent on the State of California for old age assistance; in the contrast, the present applicants have not received public assistance.

It is my conclusion that the applicants, although not self-supporting, have presented sufficient evidence that they will be supported if granted permanent resident status in the United States and are not likely to become public charges and are not, therefore, subject to the exclusion provisions of section 212(a)(15) of the Immigration and Nationality Act, as amended.

In view of the foregoing, it is determined that the record establishes the applicants' eligibility for the benefits sought under section 245 of the Act. Accordingly, the District Director's decision to deny the motion to reopen and reconsider is hereby withdrawn and the motion is granted.

ORDER: The decision of the District Director is withdrawn, the motion to reopen and reconsider is granted and the applications for permanent status are approved.